CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

August 23, 2024

LAURA A. AUSTIN, CLERK
BY:
            s/A. Beeson
            DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

BRUCE A. ESTES,                       )
            Plaintiff,                )        Civil Action No. 7:23-cv-00693
                                      )
v.                                    )
                                      )        By:  Elizabeth K. Dillon
GREEN ROCK CORRECTIONAL               )             Chief United States District Judge
CENTER, *et al.*,                     )
            Defendants.               )

## MEMORANDUM OPINION AND ORDER

Bruce Estes, an inmate of the Virginia Department of Corrections, brought this suit *pro se* alleging claims related to the exercise of his Jewish religion.  (Compl., Dkt. No. 1.)  Estes sued eleven defendants, three of which now move to dismiss the complaint against them.  (Dkt. No. 15.)  The court issued a *Roseboro* notice (Dkt. No. 18), and plaintiff did not respond to the motion to dismiss.

Estes is detained at Green Rock Correctional Center (GRCC).  Estes' complaint challenges policy decisions by the Faith Review Committee regarding use of a sukkah for the Jewish festival of Sukkot.  Defendants GRCC, Chadwick Dotson, and A. David Robinson argue that they should be dismissed from this lawsuit because plaintiff does not allege that they were involved in any of the alleged deprivations of plaintiff's religious exercise.

When analyzing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the court must view all well-pleaded allegations in the light most favorable to the plaintiff.  *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).  "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  Even so, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Id.* at 555.  A

plaintiff must "plausibly suggest an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

The court construes plaintiff's complaint as alleging claims for violation of the Free Exercise Clause of the First Amendment pursuant to 42 U.S.C. § 1983 and violation of the Religious Land Use and Institutionalized Persons Act (RLUIPA). Plaintiff's complaint focuses on the actions of the other defendants in this action, including members of the Faith Review Committee, and does not allege that any of the moving defendants were involved in burdening plaintiff's religious exercise. The court will therefore grant defendants' motion. *See Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *McLin v. Va. Dep't of Corr.*, Civil Action No. 7:19cv00247, 2020 WL 448260, at *2 (W.D. Va. Jan. 28, 2020) ("In order to establish liability under RLUIPA . . . a plaintiff must prove, among other things, the personal involvement of each defendant in the alleged violation.").

For these reasons, it is HEREBY ORDERED that defendants' motion to dismiss (Dkt. No. 15) is GRANTED, and the claims against defendants Green Rock Correctional Center, Chadwick Dotson, and A. David Robinson are DISMISSED without prejudice.

The Clerk is directed to transmit a copy of this order to plaintiff and to all counsel of record.

Entered: August 23, 2024.

*/s/ Elizabeth K. Dillon*

Elizabeth K. Dillon
Chief United States District Judge